VENABLE LLP
Jean-Paul P. Cart (SBN 267516)
JPCart@Venable.com
Christopher L. Brown (SBN 332001)
CBrown@Venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:    415.653.3755

Attorneys for Plaintiffs
Therabody, Inc. and Jason Wersland

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, and JASON WERSLAND, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>HYDRAGUN PTE Ltd., a Singapore private limited company,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL FALSE ADVERTISING PURSUANT TO 15 U.S.C. § 1125(A)**<br><br>**(2) TRADE LIBEL**<br><br>**(3) VIOLATION OF CAL. CIV. CODE § 3344**<br><br>**(4) VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY** |

Plaintiffs Therabody, Inc. ("Therabody") and Jason Wersland ("Dr. Wersland") assert the following causes of action against Defendant Hydragun PTE Ltd. ("Hydragun") and allege as follows:

## NATURE OF PLAINTIFFS' ALLEGATIONS

1. Dr. Wersland, Therabody's founder, invented the handheld percussive massager. Through exhaustive product development, continuous innovation, and millions of dollars in marketing, advertising, and consumer education campaigns, Therabody created the market for such devices, now frequently referred to as massage guns.

2. Therabody released the first production generation of its Theragun massage gun in 2016. Now on its fourth generation, Therabody's products have consistently improved over time, adding more features, customization, battery life, and sound reduction, among other things.

3. Hydragun is relatively new to the massage gun market, as it was founded in September 2019 and launched its first massage gun less than a year later in August 2020.

4. Hydragun claims to have big plans, asserting that it intends to sell a million Hydraguns by 2023. But in its attempt to meet this goal, Hydragun focuses its marketing efforts on false statements and misrepresentations regarding the product that *created* the market it now seeks to benefit from—the Theragun.

5. Hydragun's website and other marketing materials contain a number of false and misleading statements regarding the sound, range, and durability of Therabody products. For example, Hydragun claims that Therabody's flagship product, the Theragun PRO, operates at up to 75 decibels and is "316x louder" than the Hydragun. This is false, as Hydragun surely knows, and Hydragun makes similarly false statements about other Therabody products. To bolster its false claims, Hydragun also publishes misleading videos on YouTube and other social media channels.

6. In addition to its misrepresentations regarding Therabody products, Hydragun also illegally uses Dr. Wersland's name, image, and likeness in its advertisements. Such uses include, but are not limited to, wholly inappropriate and malicious depictions of a serious motorcycle accident suffered by Dr. Wersland several years ago.

7. By this action, Therabody seeks a declaration that Hydragun's public statements regarding Therabody's products are false and misleading, corresponding injunctive relief, and monetary relief. Dr. Wersland further seeks injunctive and monetary relief to remedy Hydragun's improper use of his name, image, and likeness.

**PARTIES**

8. Therabody is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, California 90048.

9. Dr. Wersland is, and at all relevant times was, an individual who conducts substantial business in California as the founder and Chief Wellness Officer of Therabody.

10. Hydragun is, and on information and belief was at all times relevant to this action, a Singapore private limited company that conducts business in the United States from 71 E Carmans Road, Farmingdale, New York 11735.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over Therabody's federal false advertising cause of action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Therabody's trade libel cause of action pursuant to 28 U.S.C. § 1367 because the cause of action is substantially related to Therabody's cause of action under federal law, and because Therabody's state law claim arises from the same common nucleus of facts and the same case and controversy.

12. This Court has diversity jurisdiction over Dr. Wersland's claims pursuant to 28 U.S.C. § 1332. Hydragun is a business entity based in Singapore and is conducting business from New York, whereas Dr. Wersland resides in Texas and conducts his business primarily in California. The amount in controversy exceeds $75,000, inclusive of Dr. Wersland's compensatory damages, punitive damages, and attorneys' fees. Moreover, Dr. Wersland's claims arise from the same set of operative facts, and the same case and controversy, as Therabody's claims.

13. This Court has personal jurisdiction over Hydragun because Hydragun operates in

the United States and markets/advertises its products throughout the United States and California. Specifically, Hydragun broadly distributes its online advertisements and marketing materials—which contain misrepresentations regarding Therabody products and illegally misappropriate Dr. Wersland's name, image, and likeness—across the United States and California, thereby causing harm to Therabody and Dr. Wersland within this District. Further, on information and belief, Hydragun sells its products across the United States and has sold a substantial number of its products into California.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Therabody and Dr. Wersland's causes of action occurred within, and continue to occur within, this District. Moreover, this District is Therabody's principal place of business and Therabody has, and continues to, suffer harm in this District.

**HYDRAGUN'S FALSE CLAIMS REGARDING THERABODY PRODUCTS**

15. Hydragun has made numerous false, misleading, and deceptive statements regarding Therabody products. Such statements have been made in a number of different formats, including Hydragun's website, YouTube, and various social media platforms.

16. On the main product page of its website, Hydragun provides a chart that purports to compare the material specifications of the Hydragun, the Theragun PRO, and the Hypervolt Plus. This chart states that the "noise level" of the Theragun PRO is "55 – 75 dB" and that it is "316x louder" than the Hydragun. While the chart does not state which generation of the Theragun PRO is being compared, certain information provided (such as battery life) is clearly tied to the current, fourth-generation, of this product.

17. Hydragun's claim as to the "noise level" of the Theragun PRO is false. The current, fourth-generation, Theragun PRO does not reach 75 dB, as claimed by Hydragun.

18. Hydragun's claim that the Theragun PRO is "316x louder" than the Hydragun is also false. And the claim is false *even if* the Theragun PRO reaches 75 dB (it does not).

19. The decibel scale is logarithmic, such that an additional 10 dB increases the *intensity* of the sound waves by a factor of 10. But the concept of "loudness" relates to human

perception of volume, and operates on a different scale than sound wave intensity. That is, while an additional 10 dB results in a 10 times increase in intensity, a person will only perceive a doubling of the loudness of the sound. Likewise, a 20 dB increase would result in a 1000 times increase in intensity, but a person would only perceive a quadrupling of the loudness.

20. Even assuming the accuracy of Hydragun's "noise level" claims, it dramatically, and intentionally, misstates the increased loudness of the products it seeks to compare, thereby misleading potential consumers.

21. Hydragun's misstatements regarding "loudness" are not limited to its main product page. Hydragun purchases targeted online advertisements that link to another page of its website (labeled "Should You Buy A Theragun?") that repeats these false claims.[1] This website also states that the Theragun Prime operates at up to 70 dB, or "100x" louder than the Hydragun. Both are false claims.

22. The "Should You Buy a Theragun?" page contains other false and misleading claims. The page is written as though it were an objective review, but does not identify any author and is simply a Hydragun advertisement. The page states "Every time I turn my Theragun G4 Pro on, I end up turning it off again. That's because it sounds like this:" and then immediately show an embedded four-second video. Despite the fact that the text references a fourth-generation Theragun PRO, the video depicts a person holding up an older, budget-model, Theragun that was discontinued over two years ago, and which appears to be damaged or modified:

---

[1] https://www.hydragun.com/landers/should-you-buy-a-theragun-003?utm_source=google&utm_medium=search&utm_campaign=pslhvt&gc_id=13471796553&h_ad_id=531768483797&gclid=EAIaIQobChMItfWoyc-n9QIVg4TICh08wQsIEAAYAyAAEgJp7PD_BwE



Thus, the video knowingly and intentionally misrepresents the sound of the Theragun PRO.

23. The four-second video referenced above is an excerpt from a longer video posted on Hydragun's YouTube channel and labeled as "Tony Reyes (FOCUS-FIGHT-FINISH) reviews Hydragun." In this video, the purported "reviewer" frequently holds up the older, budget-model, and apparently damaged or modified, Therabody product referenced above. He complains about the sound made by this product, in a transparent attempt to mislead consumers into believing that it reflects the sound of current Therabody products that compete with the Hydragun.

24. The "Should You Buy a Theragun?" page also attacks the durability of Therabody products, claiming that certain unnamed individuals had complained to the undisclosed author about their Therabody products. On information and belief, these claims are entirely fictious.

25. The "Should You Buy a Theragun?" page further contains a misleading comparison of the speed range of the Hydragun and Theragun products:



While the 1750 – 2400 RPM range is correctly stated, Hydragun manipulated the scale of the two lines to deceptively exaggerate the difference in range.

26. Additionally, Hydragun has published a website titled "The Ultimate Guide to Selecting a Massage Gun" that repeats its false claim that Therabody products are "over a hundred times louder" than the Hydragun.[2] In addition to make further misleading and unsubstantiated claims that the plastic materials used by Therabody create a risk of overheating, Hydragun published a highly misleading chart that demeans the range of the fourth-generation Theragun PRO was no basis in fact:



27. On information and belief, Hydragun has made additional false, misleading, and/or deceptive statements regarding Therabody products, including on time-limited social media platforms such as Instagram Stories. Moreover, Therabody contends that Hydragun has misrepresented the specifications of its own products, and has unlawfully implied the endorsement of prominent athletes, including athletes who have endorsed Therabody products. Such issues are under investigation and Therabody intends to amend this Complaint upon the conclusion of its investigation.

**HYDRAGUN'S VIOLATIONS OF DR. WERSLAND'S RIGHTS OF PUBLICITY**

28. In addition to its false claims regarding Therabody products, Hydragun also

---

[2] https://www.hydragun.com/landers/the-ultimate-guide-to-selecting-a-massage-gun-read-this-before-buying-one#Effectiveness

1  regularly, and knowingly, violates Dr. Wersland's publicity and privacy rights in violation of
2  California law.
3      29.    Hydragun has published paid advertisements on Facebook, Instagram, and on
4  information and belief, other social media networks, that depict Dr. Wersland's face
5  superimposed on other images. Two examples of Facebook advertisements are:

 

20      30.    Hydragun also uses Dr. Wersland's image in its paid YouTube advertisements. In
21  one particularly egregious violation of Dr. Wersland's publicity and private rights, Hydragun
22  uses an image of Dr. Wersland's face to depict him getting into a serious motorcycle accident,
23  making light of a real-life accident that seriously injured Dr. Wersland many years ago:





31. Every instance in which Hydragun has used or published images of Dr. Wersland and/or his likeness has been in connection with its marketing and advertising of its products. Indeed, all or most of Hydragun's uses of Dr. Wersland's likeness have been in connection with paid advertisements. On information and belief, Hydragun has intentionally used Dr. Wersland's likeness through such media, including time-limited media such as Instagram stories, in order to make it more difficult for Dr. Wersland to identify each violation of his rights.

32. Dr. Wersland has never authorized Hydragun to use his name, image, or likeness in any way, for any purpose. Every instance in which Hydragun has used Dr. Wersland's name, image, or likeness, has been unauthorized.

## FIRST CAUSE OF ACTION

(By Therabody - Federal False Advertising - 15 U.S.C. § 1125(a))

33. Therabody incorporates by reference the foregoing paragraphs as though fully set forth herein.

34. As set forth above, Hydragun has published false, misleading, and deceptive statements in commercial advertisements regarding Therabody products, including, but not limited to, the Theragun PRO and Theragun Prime. Hydragun's false, misleading, and deceptive statements relate to, among other things, the sound, range, and durability of Therabody's products.

35. Hydragun's misleading statements regarding Therabody products are likely to deceive potential purchasers of massage gun products, including potential purchasers of Theragun massagers. Hydragun's misleading statements are intended to induce confusion and reliance regarding material product specifications and attributes. On information and belief, Therabody alleges that consumers who otherwise would have purchased a Theragun have relied on Hydragun's misstatements and deceptive conduct and have foregone making such purchases, directly causing harm to Therabody.

36. Hydragun has made, and continues to make, its misleading and deceptive statements in online advertisements with a nationwide reach, impacting the purchasing decisions of consumers across the country. Hydragun's improper conduct thereby substantiality impacts interstate commerce and has harmed Therabody in California.

37. As a result of Hydragun's improper conduct, Therabody has been harmed because of lost sales, harm to its reputation, and harm to the reputation of its products. Moreover, absent declaratory and injunctive relief, consumers will continue to be deceived and Therabody will continue to be harmed. Therabody therefore prays for relief as set forth below.

## SECOND CAUSE OF ACTION

(By Therabody - Trade Libel)

38. Therabody incorporates by reference the foregoing paragraphs as though fully set forth herein.

39. As set forth above, Hydragun has published false, misleading, and deceptive statements in commercial advertisements regarding Therabody products, including, but not limited to, the Theragun PRO and Theragun Prime. Hydragun's false, misleading, and deceptive statements relate to, among other things, the sound, range, and durability of Therabody's products.

40. Hydragun's misstatements regarding Therabody products were not accidental. On information and belief, Hydragun knew that its statements regarding Therabody products were untrue, or at a minimum, acted in reckless disregard for the truth. Indeed, Hydragun's misstatements were asserted as readily ascertainable statements of fact.

41. Hydragun's misleading statements regarding Therabody products are likely to deceive potential purchasers of massage gun products, including potential purchasers of Theragun massagers. Hydragun's misleading statements are intended to induce confusion and reliance regarding material product specifications and attributes. On information and belief, Therabody alleges that consumers who otherwise would have purchased a Theragun have relied on Hydragun's misstatements and deceptive conduct and have foregone making such purchases, directly causing harm to Therabody.

42. As a result of Hydragun's improper conduct, Therabody has been harmed because of lost sales, harm to its reputation, and harm to the reputation of its products. Moreover, absent declaratory and injunctive relief, consumers will continue to be deceived and Therabody will continue to be harmed. Therabody therefore prays for relief as set forth below.

## THIRD CAUSE OF ACTION

(By Dr. Wersland - Violation of Cal. Civ. Code § 3344)

43. Dr. Wersland incorporates by reference the foregoing paragraphs as though fully set forth herein.

44. As set forth above, Hydragun has published numerous advertisements and promotional materials on various websites and social media platforms that incorporate and depict Dr. Wersland's name, image, and likeness.

45. Hydragun's use of Dr. Wersland's likeness has been in connection with its advertising, marketing, branding, and promotional activities, to Hydragun's commercial advantage. Such uses do not fall within any safe harbor or exception under California law, as Hydragun's intention, and its effect, has been purely commercial in nature.

46. Dr. Wersland has never consented to Hydragun's use of his name, likeness, or image. All uses by Hydragun have been without consent, with Hydragun having full knowledge of its intentional violation of Dr. Wersland's publicity and privacy rights.

47. As a result of Hydragun's repeated violations of Dr. Wersland's publicity and privacy rights, Dr. Wersland has incurred monetary, reputational, and other damages. Moreover, absent injunctive relief, such harms will continue, as Hydragun has made misappropriation of Dr. Wersland's name, image, and likeness a core part of its marketing and advertising strategy. Accordingly, Dr. Wersland prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

(By Dr. Wersland - Violation of Common Law Right of Publicity)

48. Dr. Wersland incorporates by reference the foregoing paragraphs as though fully set forth herein.

49. As set forth above, Hydragun has published numerous advertisements and promotional materials on various websites and social media platforms that incorporate and depict Dr. Wersland's name, image, and likeness.

50. Hydragun's use of Dr. Wersland's likeness has been in connection with its advertising, marketing, branding, and promotional activities, to Hydragun's commercial advantage. Such uses do not fall within any safe harbor or exception under California law, as Hydragun's intention, and its effect, has been purely commercial in nature.

51. Dr. Wersland has never consented to Hydragun's use of his name, likeness, or image. All uses by Hydragun have been without consent, with Hydragun having full knowledge

of its intentional violation of Dr. Wersland's publicity and privacy rights.

52. As a result of Hydragun's repeated violations of Dr. Wersland's publicity and privacy rights, Dr. Wersland has incurred monetary, reputational, and other damages. Moreover, absent injunctive relief, such harms will continue, as Hydragun has made misappropriation of Dr. Wersland's name, image, and likeness a core part of its marketing and advertising strategy. Accordingly, Dr. Wersland prays for relief as set forth below.

## PRAYER FOR RELIEF

Wherefore, Therabody and Dr. Wersland pray for judgment against Hydragun as follows:

1. For an order finding that Hydragun is liable to Therabody for its violation of 15 U.S.C. § 1125(a), *et seq*;

2. For an order finding that Hydragun is liable to Therabody for trade libel under California law;

3. For an order declaring that Hydragun's statements about Therabody products are false, misleading, and/or deceptive;

4. For an order enjoining Hydragun, and its officers, directors, employees, agents, representatives, partners, and all others acting on its behalf, direction, or control, from making the statements regarding Therabody products described above, or substantially similar statements;

5. For an order finding that Hydragun is liable to Dr. Wersland for its violation of his rights under Cal. Civ. Code § 3344;

6. For an order finding that Hydragun is liable to Dr. Wersland for its violation of his common law rights of publicity and privacy;

7. For an order enjoining Hydragun, and its officers, directors, employees, agents, representatives, partners, and all others acting on its behalf, direction, or control, from using Dr. Wersland's name, image, or likeness in connection with its commercial activities;

8. For an order that Hydragun's misconduct was willful, intentional, malicious, and fraudulent, warranting an award of punitive damages, treble damages, and an award of attorneys' fees;

9. For an award of compensatory damages, punitive damages, restitution, costs, attorneys' fees, and all other forms of relief available at law or in equity.

### DEMAND FOR JURY TRIAL

Therabody and Dr. Wersland demand a trial by jury on all issues so triable.

Dated: January 31, 2022     VENABLE LLP

By:  /s/ Jean -Paul P. Cart

Counsel for Plaintiffs Therabody, Inc. and Jason Wersland

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750